ANTOINE D. MEGRET *v.* THE PARISH OF VERMILLION.

The establishment of the seat of justice of a parish is an act of sovereignty, and the change of that seat by the sovereign cannot give rise to an action of damages.

APPEAL from the District Court of Vermillion, *Overton*, J.

*Mouton* and *Nicholls*, for plaintiff and appellant. *J. W. Walker*, for defendant.

ROST, J. In 1845 the Legislature authorized the people of Vermillion to select, by a popular vote, the seat of justice of the parish. An election was accordingly

held, when the choice was in favor of a place owned by the plaintiff, who made <span style="float:right">Megret<br>v.<br>Vermillion.</span> a donation of the land, which was definitively accepted, and also of the court-house and ferry then established upon said land, which the Police Jury accepted only provisionally.

A portion of the inhabitants of the parish being dissatisfied with the location, another act was passed by the Legislature, in 1848, authorizing the inhabitants to change it, and it was accordingly changed.

. The object of this suit is to set aside the vote given under the Act of 1848, for various alleged informalities. And should the plaintiff fail in this, he prays for $10,000 damages against the parish, for the violation of the contract, which he alleges they entered into with him, of establishing the seat of justice on his land.

The defendants pleaded the general issue, and the judgment of the court below was in their favor.

There is nothing in the record which would authorize us to set aside the contested vote, if it was considered that we have the power to do so. The principles involved in the question of the violation of contract have been sufficiently examined in the cases of *Reynolds* v. *Baldwin*, 1 An., 162, and *Police Jury of Bossier* v. *Corporation of Shreveport*, 5 An., 664, and little more is necessary than a reference to those cases. The establishment of the seat of justice in the different parishes of the State, is an act of sovereignty, at all times under the control of the sovereign, and the change of places cannot give rise to an action of damages. The plaintiff may have the right to claim the property which he had given to the defendants, when the seat of justice was established on his land, but that claim is not made in this suit.

The judgment is affirmed, with costs.